**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:07CV497-02-MU**
**(3:04CR118-MU)**

| | |
|---|---|
| **JOE LOUIS HAMPTON,** ) | |
|     **Petitioner,** ) | |
| ) | |
|     **v.** ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
|     **Respondent.** ) | |
| _____) | |

    **THIS MATTER** comes before the Court on the petitioner's form "Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence . . . , filed November 20, 2007 (document # 1); and on his informal requests for an extension of time in which to supplement his Motion to Vacate and for the appointment of counsel to assist him with certain matters.  For the reasons set forth herein, however, the petitioner's request for an extension of time will be <u>dismissed</u> as moot; his request for counsel will be denied; and the Court will <u>defer</u> ruling on the petitioner's Motion to Vacate as hereafter explained.

    According to the record of the petitioner's underlying criminal case, on May 24, 2004, a Bill of Indictment was filed, charging that he had conspired to possess with intent to distribute powder cocaine and cocaine base, in violation of 21 U.S.C. §846 (Count One); that he had used and carried a firearm during and in relation to a drug trafficking crime, and had possessed or

aided and abetted others' possession of the subject firearm in furtherance of that drug trafficking crime, all in violation of 18 U.S.C. §§ 924(c) and 2 (Counts Two and Four); and that on three separate occasions he had possessed a firearm after having previously been convicted of a felony, in violation of 18 U.S.C. §922(g)(1) (Counts Three, Five and Six).

On May 27, 2005, the petitioner entered into a written plea agreement with the Government, whereby he agreed to plead guilty to Counts One through Three. Also on that date, the parties' Agreement was filed, and the Court conducted a Plea and Rule 11 Hearing during which the petitioner tendered his guilty pleas. After hearing the petitioner's sworn representations, the Court accepted the petitioner's pleas.

Thereafter, on May 24, 2006, the Court conducted a Factual Basis and Sentencing Hearing in this matter. During that proceeding, the Court determined that the petitioner was subject to sentencing as a Career Offender; and that his recommended sentencing range under the United States Sentencing Guidelines was 262 to 327 months imprisonment. However, upon the government's Motion for a downward departure, the Court sentenced the petitioner to the reduced total term of 240 months imprisonment. That is, the Court sentenced the petitioner to 60 months on Count One; to a consecutive term of 60 months on Count Two; and to a consecutive term of 120 months on Count Three. Nevertheless, the petitioner appealed his case to the Fourth Circuit Court of

Appeals.

On appeal, counsel for the petitioner filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), but also asked the Court to determine whether the government had breached the parties' plea agreement by failing to pursue a greater downward departure for the petitioner. See United States v. Hampton, No. 06-4645, slip op. at 2 (4th Cir. Nov. 15, 2006). Although the petitioner was advised of his right to file his own supplemental brief, he declined to do so. Id.

Upon its review, the Circuit Court determined that in light of the fact that no challenge to the parties' Plea Agreement was made at sentencing, the petitioner had to establish plain error in connection with his claim of a breached Agreement in order to secure any relief. Id. at 3. In any event, the appellate Court concluded that no such error was present because the record tended to show that "the Government did not breach the plea agreement . . . ." Id. Moreover, the appellate Court further indicated that it had reviewed the entire record and had found no meritorious issues for appeal. Id. Consequently, the petitioner's convictions and sentences were affirmed. Id. at 4.

Inasmuch as the petitioner did not seek certiorari review for his case, his convictions and sentence became final on February 18, 2007--that is, 90 days from the date that the appellate Court entered its Judgment. Ultimately, therefore, the petitioner has up to February 18, 2008 in which to bring all of

his habeas claims before this Court.

On November 20, 2007, the petitioner filed the instant Motion to Vacate, arguing that his former attorney was ineffective for having "consistently lied to [him and] misguided [him] . . . ," and for failing to challenge the conspiracy charge on the ground that the other person with whom the petitioner was alleged to have conspired never was indicted in this case.

In addition, the petitioner's Motion has a letter attached to it, setting forth certain other matters. Such letter, asks the Court to appoint counsel for the petitioner, so that counsel can assist him in discovering why he was transferred from federal to State custody "within months of incar[cer]ation." Furthermore--and perhaps because he was unaware of the time calculations for his case--the petitioner's letter requests an extension of time so that he can include additional claims or arguments in what he describes as his "appeal 2255 . . . ." The petitioner's letter explains that his family has found a "federal appeals lawyer," but such attorney "needs time to col[l]aberate with his [former attorney]."

Turning first to the petitioner's request for an extension of time, as has been noted, the petitioner's filing deadline will not expire until February 18, 2008. Based upon that fact, the Court finds that the petitioner should have adequate time in which to prepare and submit any additional claims or arguments which he may want to raise in this action. Therefore, the peti-

tioner's request for an extension of time will be <u>dismissed</u> as moot.

As for his request for the appointment of counsel, notwithstanding the petitioner's failure to disclose any information, certified or otherwise, concerning his current financial status, this request must be <u>denied</u>.  Indeed, the law is clear that there is no constitutional entitlement to the assistance of counsel in civil proceedings such as this.  Thus, counsel can be appointed only when the proceedings involve "exceptional circumstances." <u>See</u> <u>Whiseant v. Yuam</u>, 739 F.2d 160, 163 (4th Cir. 1984).  Here, the petitioner has failed to demonstrate the existence of any "exceptional circumstances."

Moreover, notwithstanding his contentions to the contrary, it appears, at least thus far, that the petitioner is capable of articulating his claims and advocating in his own behalf.  Further, the allegations which the petitioner has raised are not so complex that he could not be expected adequately to represent himself.  Thus, there simply is no basis upon which counsel can be appointed for the petitioner.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.  The petitioner's request for an extension of time is **DISMISSED as moot;**

2.  The petitioner's request for the appointment of counsel is **DENIED;** and

3.  The petitioner's Motion to Vacate will not be ruled on

until such time as he either files his amended claims/arguments or the one-year deadline of February 20, 2008 passes, whichever event first occurs.

**SO ORDERED.**

Signed: December 4, 2007

Graham C. Mullen
United States District Judge